Case 7:21-cv-00077   Document 14   Filed on 07/16/21 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
July 16, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IRASEMA ROMERO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:21-cv-00077 |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |

# ORDER

The Court now considers "Defendant's Motion to Dismiss for Want of Prosecution,"[1] Defendant's supplemental motion,[2] and Plaintiff's response.[3] Defendant moves to dismiss for want of prosecution because Plaintiff failed to provide notice within sixty days of the parties July 20th initial pretrial order and thus failed to comply with the Court's April 27, 2021 order of abatement.[4] In its order of abatement, the Court ordered that if Plaintiff did not provide proper notice under Texas Insurance Code § 542A.003 to Defendant at least sixty days before the parties' July 20th initial pretrial conference, this case would be dismissed for failure to prosecute.[5]

## I. BACKGROUND

This case was originally filed in Hidalgo County court in January 2021.[6] Defendant removed it to this Court on February 26, 2021.[7] A month later, on March 23, 2021, Defendant

---

[1] Dkt. No. 10.
[2] Dkt. No. 11.
[3] Dkt. No. 13.
[4] Dkt. No. 10; *see* Dkt. No. 9.
[5] Dkt. No. 9 at 6.
[6] Dkt. No. 1-2 at 5.
[7] Dkt. No. 1.

filed a motion to abate alleging that Plaintiff's pre-suit notice, sent on October 28, 2020, failed to satisfy the requirements of Texas Insurance Code 542A.003(b)(1) and 542A.003(b)(3).[8] Upon review of Plaintiff's October 28th notice and updated notice letter attached in Plaintiff's response to Defendant's motion, the Court found that both failed to meet the requirements set out in the Code.[9] Specifically, neither included "a statement of the acts or omissions giving rise to the claim" or "the amount of reasonable and necessary attorney's fees incurred by the claimant, calculated by multiplying the number of hours actually worked by the claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services" as required under section 542A.003(b).[10] On this basis, the Court granted Defendant's motion and abated the case until sixty days after Plaintiff provided notice to Defendant.[11] The Court further ordered that if Plaintiff failed to provide notice at least sixty days before the parties' July 20th initial pretrial conference, this case would be dismissed for failure to prosecute.[12]

## II. Legal Standard

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss a claim when a plaintiff fails to comply with the Court's order or otherwise prosecute their case. The authority of a court to dismiss for lack of prosecution is "considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."[13]

---

[8] Dkt. No. 5.
[9] Dkt. No. 5.
[10] Dkt. No. 9 at 4–5.
[11] *Id.* at 5.
[12] *Id.* at 6.
[13] Link v. Wabash R. Co., 370 U.S. 626, 630–31 (1962) (internal citations omitted).

### III. ANALYSIS

Defendant moves for dismissal for want of prosecution on the basis of Plaintiff's failure to comply with the Court's April 27, 2021 order, which specifically ordered:

> Due to the abatement, the parties' initial pretrial conference is continued until **Tuesday, July 20, 2021 at 9 a.m.** provided that Plaintiff has given the proper notice at least sixty days before that date. Should Plaintiff fail to do so, *this case will be dismissed for failure to prosecute*.[14]

In support of Defendant's motion, it provides that it did not receive proper notice from Plaintiff at least sixty days before the parties' July 20th initial pretrial conference.[15] Specifically, Defendant provides that on June 23, 2021, it contacted Plaintiff's counsel to inform him that it had not received a second amended notice and to advise Defendant whether the notice had been sent.[16] To comply with the Court's order, Plaintiff needed to give proper notice to Defendant by May 20, 2021.

Plaintiff responded to Defendant's June 23rd inquiry a day later, providing an electronic copy of the notice Plaintiff alleges it sent via regular first class mail to Defendant's counsel on May 3, 2021.[17] Defendant provides that it did not received the May 3rd notice by the May 20th deadline.[18] Plaintiff provides no tracking number or receipt to confirm when and to whom it was sent, let alone whether or not it arrived to the intended address.[19] Instead, Plaintiff urges the Court to apply the "mailbox rule" under which "[p]roof that a letter properly directed was placed in a U.S. post office mail receptacle creates a presumption that it reached its destination in the

---

[14] Dkt. No. 9 at 6 (emphasis added).
[15] Dkt. No. 10 at 2, ¶ 6.
[16] *Id.* (citing Dkt. No. 10-1).
[17] Dkt. No. 10 at 2, ¶¶ 7–8; Dkt. No. 10-1; Dkt. No. 13-1.
[18] *Id.* at 3, ¶ 6.
[19] *Id.*, ¶ 7; Dkt. No. 13.

usual time and was actually received by the person to whom it was addressed."[20] However, while "[c]circumstantial evidence may be used to prove that the letter was put in the mail, 'including customary mailing practices used in the sender's business,'"[21] the only evidence that this notice was ever sent is an affidavit of Plaintiff's counsel providing that he personally mailed the notice to opposing counsel.[22] Even applying the mailbox rule to presume the package was in fact received by Defendant at some point, it does not negate Plaintiff's lack of diligence in ensuring proper notice was received within the deadline. Plaintiff's counsel had over two weeks to confirm receipt of the notice before the Court's deadline. Furthermore, Plaintiff could have easily sent an electronic copy of the notice before the May 20th deadline, as evidenced by the electronic copy sent on June 24, 2021.

More significantly, in addition to Plaintiff's lack of diligence in ensuring notice was received by Defendant before the deadline, Plaintiff failed to address the specific ground for which the previous two notices were rejected by this Court. Once again, Plaintiff did not include the hourly rate for attorney fees or records of time worked as required by 542A.003(b)(1).[23] Plaintiff argues that dismissal is too draconian a result for "an inadvertent mistake."[24] However, Plaintiff was specifically warned that the previous *two* improper notices were insufficient precisely because the first "merely state[d] the amount of attorney fees but [did] not provide the calculation,"[25] and the second "[did] not include the rate or records of time worked."[26] The deliberate indifference to not only the requirements of the statute, but to this Court's order, with notice of the consequence of such an omission, is far more than an "inadvertent mistake" in the

---

[20] Dkt. No. 13 at 2 (quoting *Faciane v. Sun Life Assurance Co. of Canada*, 931 F.3d 412, 420 (5th Cir. 2019)).
[21] *Faciane* 931 F.3d at 421.
[22] Dkt. No. 13-1.
[23] Dkt. No. 11-1; *see* Dkt. No. 13 at 3, ¶ 4; *see also* Dkt. No. 9.
[24] Dkt. No. 13 at 4.
[25] Dkt. No. 9 at 5.
[26] *Id*.

eyes of this Court. This case has already been delayed by over sixty days to provide Plaintiff with her third opportunity to correct notice.[27] The Court explicitly warned Plaintiff of the result of such continued indifference to these requirements.[28] Regardless of whether the notice was timely sent and received by Defendant, the notice was improper.

Because Plaintiff failed to comply with this Court's order to provide proper notice by the Court's May 20, 2021 deadline, despite a clear warning of the consequences, the **GRANTS** Defendant's motion[29] and this case is **DISMISSED** with prejudice for failure to prosecute. All deadlines and conferences in this case are **CANCELLED**. A separate final judgment pursuant Federal Rule of Civil Procedure 54 will issue.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 16th day of July 2021.

_____
Micaela Alvarez
United States District Judge

---

[27] Dkt. No. 9 at 5–6.
[28] *Id.*
[29] Dkt. No. 10.